**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARVIN D. MOBLEY,
Pro se,

                      Plaintiff,

vs.                                                  Case No.   3:07-cv-1132-J-16JRK

S.L. HICKS,
in an individual capacity,

                      Defendant.
_____/

### REPORT AND RECOMMENDATION[1]

This cause is before the Court on Plaintiff Marvin D. Mobley's ("Plaintiff('s)") Amended Complaint (Doc. No. 8; "Amended Complaint") filed January 7, 2008 and Affidavit of Indigency (Doc. No. 3; "Affidavit") filed December 3, 2007, which the Court construes as a Motion for Leave to Proceed In Forma Pauperis.

**I.    Background / Procedural History**

On December 3, 2007, Plaintiff filed his Complaint (Doc. No. 1; "Complaint") along with the Affidavit and a separate document entitled "Affidavit of Truth" (Doc. No. 2). In the Complaint, Plaintiff asserts that he is bringing his action pursuant to 42 U.S.C. § 1983, alleging "a violation of [his] Fifth and Fourteenth Amendments [sic] . . . Rights of Due Process of Law." Compl. at 1. Plaintiff avers that Defendant, a Medical Disability

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual allegations on appeal.

Adjudicator for the Florida Department of Health ("FDH"), called Plaintiff on or about November 27, 2007 at 11:21 a.m., and was "very hostile." Id. Plaintiff further states that Defendant "indicated that [Plaintiff] was diagnosed schizophrenic." Id. Plaintiff thereafter told Defendant that he "was not diagnosed schizophrenic." Id. Plaintiff also refers to Defendant "wanting to argue from the beginning of [their] conversation," and "indicating that an appointment would be set for [Plaintiff] to see a doctor." Id. at 1-2. When Plaintiff objected to seeing a doctor because of his alleged fear of doctors due to a previous doctor betraying Plaintiff's trust, Defendant allegedly laughed and told Plaintiff, "we are all afraid of something." Id. at 2. As the parties do not appear to be diverse and Plaintiff's cause of action does not appear to present a federal claim, the Court entered an Order on December 26, 2007 (Doc. No. 7; "Order") taking Plaintiff's Motion under Advisement and directing him to file an amended complaint within ten days "set[ting] forth facts which support his claim that Defendant's conduct violated the Due Process Clause." Order at 6.

Plaintiff filed an amended complaint on January 7, 2008 (Doc. No. 8; "Amended Complaint") seeking $2 million in damages (in addition to prejudgment interest) and a permanent injunction to "prevent the Defendant from ever working on Plaintiff['s] Disability Adjudication and Review." Am. Compl. at 11. The gravamen of Plaintiff's Amended Complaint appears to be an overarching fear that his disability and/or medicare benefits[2] are

---

[2] It is unclear whether Plaintiff is currently receiving medicare benefits, disability benefits, or both, as he refers to "benefits and medicare coverage." Am. Compl. at 3, 5.

going to cease due to Defendant's conduct.³ Defendant sent Plaintiff a letter in which Plaintiff claims Defendant "threaten[ed] to stop [Plaintiff's] benefits and medicare coverage." Id. at 3. Plaintiff also speculates that "threat[ening] to stop [his] benefits and medicare coverage was a way to coerce [him] to agree to a consultative examination." Id. at 5. Additionally, Plaintiff avers that "Defendant did not explain to Plaintiff all of his rights during [the decision making] process before making [the] decision [to purchase a consultative examination]." Id. at 8.

The Amended Complaint also explains, in detail, the events leading up to Defendant's phone call of which Plaintiff complains. The Court summarizes the events as follows: On or about November 2, 2007, Plaintiff received notice that his existing disability benefits were going to be reviewed by FDH to determine whether Plaintiff was eligible to continue receiving benefits, along with a form for authorizing the disclosure of information to return to FDH. Id. at 1. On or about November 5, 2007, Plaintiff returned the requested information to the Social Security Administration branch office located at 1685 Dunn Avenue in Jacksonville. Id. at 1-2. On that same day, Plaintiff claims that he "was denied copies of his [m]edical [r]ecords from the Social Security Administration" and thereafter Plaintiff appointed Hakim Abdullah ("Mr. Abdullah") as his representative to receive the copies. Id. at 2. In addition

---

³ If Plaintiff is alleging that his disability and/or medicare benefits are going to be wrongfully ceased, this Court is without subject matter jurisdiction over his potential claim. Claims for benefits paid by the Social Security Administration are governed by 42 U.S.C. § 405(g), which provides for judicial review "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party." Pursuant to section 405(g), a specific procedure must be followed by a plaintiff before a federal court may exercise subject matter jurisdiction over a claim for benefits received by the Social Security Administration. See Sorenson v. Concannon, 893 F. Supp. 1469, 1476 (D. Or. 1994); see also 42 U.S.C. § 405(g); 20 C.F.R. § 404.900(a)(1)-(5).

on that day, Plaintiff requested a document indicating that his required disclosure form had been received, and that request was likewise denied. Id.

About two weeks later, on or about November 21, 2007, Defendant called Mr. Abdullah and left a message indicating that Plaintiff needed to return her call. Id. On November 26, 2007, Plaintiff called Defendant several times, to no avail. Id. Plaintiff finally reached Defendant's supervisor who explained that Defendant was out of the office and she would call Plaintiff when she returned. Id. Defendant returned Plaintiff's call on November 27, 2007.[4] Id. The next day (November 28, 2007), Plaintiff received a letter from Defendant dated November 21, 2007, indicating that Plaintiff had formerly been advised of the "need [for] evidence concerning [his] current condition [to determine] whether or not [Plaintiff was] eligible for a continuation of [his] disability benefits." Id., Exhibit B. Defendant further advised that as of November 21, 2007, Plaintiff had not complied with FDH's request. Id. at Exhibit B. Plaintiff was also warned that failure to respond to the inquiries from FDH within ten days may result in his Medicare and/or Medicaid benefits being stopped. Id. at Exhibit B. Additionally, Plaintiff was told that he would receive notice, in writing, before any benefits were ceased. Id. On November 28, 2007, Plaintiff also received a several forms to complete and return to FDH. Id. at 3-4. The next day (November 29, 2007), Plaintiff mailed a written complaint against Defendant to Defendant's supervisor and requested a hearing. Id. at 4. Finally, on or about December 1, 2007, Plaintiff returned the required

---

[4] The substance of this phone call is explained both in Plaintiff's original complaint (Compl. at 1-2) and supra at 1-2.

forms by certified mail to Defendant at the address provided by Defendant. Id. The record does not indicate whether any other actions by either party have occurred in the case.

## II.     Standard of Review

A plaintiff may be allowed to commence a civil action in forma pauperis, i.e., without payment of court filing fees, when that plaintiff declares in an affidavit to the court that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The court receiving such a case, however, must dismiss a case sua sponte if, at any time, it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). With respect to failing to state a claim on which relief may be granted, the language of section 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure ("Rule") 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). A properly stated claim "may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1969 (2007) (citing Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994)). Pleadings submitted by a pro se plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Nevertheless, a court is under no duty to "re-write" a plaintiff's complaint to find a claim. Peterson v. Atlanta Housing Authority, 998 F.2d 904, 912 (11th Cir. 1993).

**III.     Discussion**

Although Plaintiff's Affidavit demonstrates his inability to pay the Court's filing fee, Plaintiff should not be permitted leave to proceed in forma pauperis because Plaintiff has failed to state viable claims with regard to Defendant's alleged conduct. Section 1983 of Title 42, United States Code provides, "[e]very person who . . . subjects . . . any Citizens of the United States . . . to the deprivation of any rights . . . shall be liable to the party injured in an action at law." To state a cause of action under § 1983, Plaintiff must allege: (1) that he was deprived of rights, privileges or immunities secured by the Constitution or laws of the United States; and (2) that the conduct complained of was committed by a person acting under color of state law. See Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156-57 (1978)). Section 1983 is not a source of substantive federal rights. Whiting v. Traylor, 85 F.3d 581, 583 (11th Cir. 1998) (citing Albright v. Oliver, 510 U.S. 266, 271 (1994)). Instead, to state a valid claim under Section 1983, a plaintiff must point to a violation of a specific federal right. Id.

Plaintiff points to two alleged violations of federal rights by Defendant: the right to procedural due process and the right to equal protection of the laws (both of which are guaranteed by the Fourteenth Amendment to the Constitution). Am. Compl. at 4, 6, 9. Each are discussed in turn.

**A. Alleged Procedural Due Process Violation**

The Due Process Clause of the Fourteenth Amendment provides that no state "shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. In the Eleventh Circuit, "a section 1983 claim alleging a denial of procedural

due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003) (citing Cryder v. Oxedine, 24 F.3d 175, 177 (11th Cir. 1994)). The plain language of the Due Process Clause "says nothing about protecting a person from the mere risk of such deprivation." Arrington v. Helms, 438 F.3d 1336, 1348 n.2 (11th Cir. 2006).

Plaintiff fails to adequately allege facts which support the first element of a procedural due process violation because he has not stated that Defendant has deprived him of a constitutionally-protected liberty or property interest. See Grayden, 345 F.3d at 1232. Plaintiff has not alleged that his benefits have been denied as a result of Defendant's actions. The Due Process Clause does not protect Plaintiff from the mere risk of deprivation. Arrington, 438 F.3d at 1348 n.2. Plaintiff has failed to state a viable procedural due process claim.

**B. Alleged Equal Protection Violation**

The Fourteenth Amendment provides in relevant part, "No state shall . . . deny any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. To properly allege a violation of the Equal Protection Clause, Plaintiff must assert discriminatory motive or purpose in his Amended Complaint. See Cross v. State of Ala., State Dept. of Mental Heath & Mental Retardation, 49 F.3d 1490, 1507 (11th Cir. 1995) (holding "to establish a violation of the Equal Protection Clause, appellees must prove discriminatory motive or purpose") (emphasis added)). Additionally, Plaintiff must assert that Defendant "discriminated against him based on his membership in a definable class." Nabozny v.

Podlesny, 92 F.3d 446, 453 (7th Cir. 1996) (holding the plaintiff must show that defendants acted with discriminatory purpose and discriminated against the plaintiff based on his membership in a protected class) (citing Albright v. Oliver, 975 F.2d 343, 348 (7th Cir. 1992), aff'd, 510 U.S. 266 (1994); Falls v. Town of Dyer, 875 F.2d 146, 148 (7th Cir. 1982)).

Plaintiff has alleged that Defendant's "acts and conduct when providing Plaintiff with false information about his medical condition and harassing him during their telephone conversation constitute intentional infliction of emotional distress, outrageous conduct, [and] unfair and unequal treatment." Am. Compl. at 5.  As explained in the Court's original Order, "[g]enerally, only state courts recognize a claim for the tort of intentional infliction of emotional distress when there is no actual physical injury involved."  Order at 4 (citing Conner v. Sticher, 801 F.2d 1266, 1268 (11th Cir. 1986)).  Although Plaintiff does claim that Defendant engaged in unfair and unequal treatment, Plaintiff has failed to state a discriminatory motive or purpose behind Defendant's conduct.  See Cross, 49 F.3d at 1507. Furthermore, Plaintiff has not alleged that he is being discriminated against based on his membership in a protected class.  See Nabozny, 92 F.3d at 453.  Plaintiff has failed to state a viable equal protection claim.

**IV. Conclusion**

The Court already has granted Plaintiff the opportunity to amend his original Complaint, giving Plaintiff instructions to set forth facts which support his claims.  While the Court commends Plaintiff's efforts to describe the facts supporting his allegations and his efforts to research his claims, Plaintiff has failed to state viable claims with regard to Defendant's conduct.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  After due consideration, it is

**RECOMMENDED**:

1. Plaintiff's Motion for Leave to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> / Affidavit of Indigency (Doc. No. 3) be **DENIED**.

2. Plaintiff's Amended Complaint (Doc. No. 8) be **DISMISSED for failure to state a claim on which relief may be granted.**

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on February 14, 2008.

*James R. Klindt*
**JAMES R. KLINDT**
United States Magistrate Judge

kas

Copies to:

The Honorable John H. Moore, II

Pro Se parties